IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELVIN SMITH,

    Petitioner,                                  No. 2:12-cv-2478 MCE CKD P

    vs.

RON RACKLEY[1],                             FINDINGS & RECOMMENDATIONS

    Respondent.
_____/

I. Introduction

        Petitioner, a state prisoner proceeding pro se and in forma pauperis, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) He was convicted in 1986 of second degree murder and is serving a state prison term of fifteen years to life. (Id. at 1.) Petitioner claims his due process rights were violated by the Board of Parole Hearings' determination that he was unsuitable for parole. Petitioner does not identify the date of the challenged decision or attach a copy of the Board's transcript from the challenged hearing.

\\\\\

---

[1] Petitioner named S. M. Salinas as the respondent in this action. As Ron Rackley is the current warden at Deuel Vocation Institution where petitioner is housed, the court substitutes him as the proper respondent. See Rule 2(a), 28 U.S.C. § 2254.

1

Pending before the court is respondent's motion to dismiss the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases. (Dkt. No. 9.) Under Rule 4, the court must dismiss any petition where it plainly appears that petitioner is not entitled to relief in this court. Plaintiff has filed a pleading, which he calls a traverse, in response to the motion. (Dkt. No. 10.) For the reasons set forth below, the court will recommend that the motion to dismiss be granted.

II. Discussion

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)."[2] It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

Petitioner asserts that the Board's decision to deny parole was not supported by "some evidence" in violation of his constitutional right to due process. He argues that the Board ignored evidence that petitioner was not a threat to public safety.

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest

---

[2] Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not grounds for entitlement to habeas relief. Fry v. Pliler, 551 U.S. 112, 119 (2007).

protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). See also Board of Pardons v. Allen, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, a state's statutory scheme, if it uses mandatory language, "creates a presumption that parole release will be granted" when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest. Greenholtz, 442 U.S. at 12. See also Allen, 482 U.S. at 376-78.

California's parole scheme gives rise to a liberty interest in parole protected by the federal Due Process Clause. Pirtle v. California Bd. of Prison Terms, 611 F.3d 1015, 1020 (9th Cir. 2010); McQuillion v. Duncan, 306 F.3d 895, 902 (9th Cir. 2002). In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002).

In Swarthout v. Cooke, ___ U.S. ___, 131 S. Ct. 859, 861 (2011), the Supreme Court reviewed two cases in which California prisoners were denied parole – in one case by the Board, and in the other by the Governor after the Board had granted parole. Swarthout, 131 S. Ct. at 860-61. The Supreme Court noted that when state law creates a liberty interest, the Due Process Clause of the Fourteenth Amendment requires fair procedures, "and federal courts will review the application of those constitutionally required procedures." Id. at 862. The Court

concluded that in the parole context, however, "the procedures required are minimal" and that the "Constitution does not require more" than "an opportunity to be heard" and being "provided a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16). The Supreme Court therefore rejected Ninth Circuit decisions that went beyond these minimal procedural requirements and "reviewed the state courts' decisions on the merits and concluded that they had unreasonably determined the facts in light of the evidence." Swarthout, 131 S. Ct. at 862. In particular, the Supreme Court rejected the application of the "some evidence" standard to parole decisions by the California courts as a component of the federal due process standard. Id. at 862-63.

Here, while petitioner has not specified the date of the challenged Board hearing or provided a hearing transcript, he refers to such a transcript in the petition. (Dkt. No. 1 at 9.) Respondent points out that petitioner does not dispute that, at the challenged hearing, he received an opportunity to be heard and a statement of reasons why parole was denied. (Dkt. No. 9 at 2.) In response, petitioner again does not dispute these assertions. (See Dkt. No. 10 at 4-5.) Rather, he continues to argue that there was not sufficient evidence to support the Board's finding that petitioner posed a risk to the public. (Id. at 8.) As it appears that petitioner received all the process due to him under the Constitution, Swarthout, 131 S. Ct. 862, his due process claim must be dismissed.

Nor has petitioner stated a cognizable federal habeas claim on equal protection grounds. His vague and conclusory allegations that the Board failed to apply to petitioner "[t]he same laws that apply to everyone else" is not sufficient for this purpose.[3]

Accordingly, IT IS HEREBY RECOMMENDED THAT:

1. Respondent's motion to dismiss the petition (Dkt. No. 9) pursuant to Rule 4 of the Rules Governing § 2254 Cases be granted;

---

[3] Unlike respondent, the court does not construe the petition as attempting to allege a violation of the Ex Post Facto clause.

      2.  This case be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 29, 2013

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
smit2478.parole